THE CITY OF ST. CHARLES, Respondent, *v.* ELIAS C. STEWART *et al.*, Appellants.

1. *Streets, widening of* — *Proceedings before recorder* — *St. Charles, charter of* — *Judgment before recorder* — *Appeal from* — Certiorari — Section 7, art. IV, of the revised charter of the city of St. Charles (Sess. Acts 1869, p. 147) does not authorize appeals from proceedings before the recorder for the condemnation of private property, but applies only to those prosecutions, whether in State cases or cases arising under city ordinances, in which the recorder can render judgment. In the case first supposed he can render no judgment, and the appeal, if any would lie, would be from the action of the Circuit Court to whom he certifies his verdict. The fact that he presides over the jury with power to order a new inquest, and certifies their verdict to the council, does not make him a judge of the case. Nor does the charter allow an appeal from the action of the council. If parties would review such action, it must be done by *certiorari.*

*Appeal from St. Charles Circuit Court.*

In this case the recorder refused to grant the appeal on the ground that there was no judgment in the case, and for that reason no appeal would lie; but an order having been made by the Circuit Court, the appeal was allowed and the transcript was sent up. Before the Circuit Court the city counsel moved to dismiss for the reasons assigned by the recorder, but the motion was overruled. The decision of the Supreme Court virtually sustains the position of the recorder and the city of St. Charles on this point of jurisdiction.

*H. C. Lackland*, with *A. H. Edwards*, for appellants.

I. The recorder is a judicial officer, as appears by the charter. (Section 7 of art. IV, also sections 4 and 7 of art. VII.) He may issue an execution on these condemnation judgments by ordinance. (Rec. p. 26, §§ 11, 12.) If he does not act as a judicial officer in condemnation cases, then it would be taking property without due process of law.

II. All inferior tribunals are subject to the superintending control of the Circuit Court. An appeal is the least expensive, most appropriate and complete mode of exercising that control. An appeal will lie in every case, unless it is expressly prohibited by the statute. ( *Vide* Const. Mo., art. VI, §§ 1-2, 21; Gen.

Stat. 1865, ch. 136, § 2; Wagn. Stat. 431, § 2; *id.* ch. 133, § 17; *id.* 420, § 17; North Mo. R.R. Co. v. Lackland, 25 Mo. 515–528.)

III. But we rely especially on the city charter itself for the right of appeal. It is expressly given in section 7 of article IV, Sess. Acts 1869, p. 147.

*Alexander* and *McDearmon,* for respondent.

The charter and ordinance make no provision for an appeal. Hence the appellate jurisdiction of the Circuit Court can be exercised only by writs of *certiorari.* (Snoddy v. Pettis County Court, 45 Mo. 361.) And the jurisdiction of the Circuit Court is confined to an examination of such irregularities as appear upon the face of the record.

BLISS, Judge, delivered the opinion of the court.

This was originally a proceeding to condemn a part of a lot of defendants in the city of St. Charles for the purpose of widening a street, and was instituted under the seventh article of the amended city charter, approved March 1, 1869 (Sess. Acts 1869, p. 151), and an ordinance passed in pursuance thereof. From the finding of the jury and its affirmance by the common council the defendants appealed, and before proceeding to trial in the Circuit Court, counsel for the city presented a motion to dismiss the appeal. The motion was overruled, the case was tried *de novo,* and the verdict of the jury was certified to the common council of the city, as is provided in case of a verdict of the jury in the original proceeding.

The appeal was improperly taken, for the statute makes no provision for appeals in a proceeding of this kind. The defendants rely upon section 7, article IV, of the charter, before referred to, which provides as follows : " The recorder shall have the same jurisdiction as justices of the peace within the limits of said city, in all State cases ; he shall have jurisdiction over all cases arising under any ordinance of said city, subject to an appeal in all cases to the St. Charles Circuit Court, and such an appeal shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the Circuit Court. * * *

The recorder shall also preside over all proceedings for the con-demnation of private property for public use, under article VII of this charter."

This section does not authorize appeals in proceedings for the condemnation of private property, but applies only to those prose-cutions, whether in State cases or cases arising under the city ordinances, in which the recorder can render judgment. In this case, though he seems to have some judicial power under section 4 of article VII, yet he enters no judgment, but the verdict is certi-fied to the council for approval; and the appeal, if any would lie, would be from the action of that body. The fact that he presides over the jury, with power to order a new inquest, and certifies their verdict to the council, does not make him a judge in the case, nor does the charter allow an appeal from the action of the council; but if parties would review such action, it must be by that common-law writ which alone can bring before the court the judicial action of inferior tribunals. The Circuit Court hav-ing no jurisdiction, its judgment is reversed. The other judges concur.